POOR QUALITY ORIGINAL

*38*

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

Eric Junod
*Petitioner*

v.                                    Case No.

E. Rardin (Warden)
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case: 2:24-cv-12399
Assigned To : Murphy, Stephen J., III
Referral Judge: Morris, Patricia T.
Assign. Date : 9/12/2024
Description: HC JUNOD V. WARDEN RARDIN (TH)
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Eric L. Junod
    (b) Other names you have used:

2.  Place of confinement:
    (a) Name of institution:  Federal Correctional Institution, Milan
    (b) Address:  P.O. Box 1000
                  Milan, MI 48160
    (c) Your identification number:  51349-039

3.  Are you currently being held on orders by:
    ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you:  United States Federal Court
        Michigan, Eastern District
        (b) Docket number of criminal case:  2:15CR20621(1)
        (c) Date of sentencing:  05-15-2017
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:

Page 2 of 10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  **What are you challenging in this petition:**

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ☐ Pretrial detention

    ☐ Immigration detention

    ☐ Detainer

    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ☐ Disciplinary proceedings

    ☐ Other *(explain)*: _____

    _____

    _____

6.  Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court:  Bureau of Prisons, Central Office

    (b) Docket number, case number, or opinion number:  Remedy No. 1177546-A1

    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

    I am challenging the calculation of Federal Time Credits and the implementation of Program Statement 5410.01.

    (d) Date of the decision or action:  January 19, 2024

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☒ Yes          ☐ No

    (a) If "Yes," provide:

    (1) Name of the authority, agency, or court:  Warden E. Rardin, FCI Milan (FBOP)

    (2) Date of filing:  August 14, 2023

    (3) Docket number, case number, or opinion number:  1177546-F1

    (4) Result:  Denied

    (5) Date of result:  November 6, 2023

    (6) Issues raised:  Federal Time Credits (FTCs) earned and projected to be earned have not been applied properly to my earliest pre-release placement date pursuant to Program Statement 5410.01.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not appeal:  _____

_____
_____

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  Andae Matevousian, Regional Director N.C.
Regional Office (FBOP)

(2) Date of filing:  November 23, 2023

(3) Docket number, case number, or opinion number:  1177546-R2

(4) Result:  Denied

(5) Date of result: December 4, 2023

(6) Issues raised:  Federal Time Credits earned and projected to be earned apply
to the entire sentence, including pre-release custody. The term "Release
Date" refers to release from BOP custody, not institutional custody.

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a second appeal:  _____

_____
_____

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  Office of the General Counsel (FBOP)

_____

(2) Date of filing:  January 14, 2024

(3) Docket number, case number, or opinion number:  1177546-A1

(4) Result:  Denied

(5) Date of result:  January 19, 2024

(6) Issues raised:  The BOP continuely misunderstands what "Release Date" is
and is ignoring any credits that will be earned while still in pre-release
custody, not allowing them to be applied.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)   Explain why the remedy under 28 USC § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11.   **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes          ☒ No
If "Yes," provide:
(a)   Date you were taken into immigration custody: _____
(b)   Date of the removal or reinstatement order: _____
(c)   Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☐ No
If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

(d)   Did you appeal the decision to the United States Court of Appeals?
☐ Yes          ☐ No
If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** By failing to implement the earliest Conditional Placement Date, I am no longer able to apply all the days avaliable to my under the First Step Act, and am delayed in placement in pre-release custody.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Program Statement 5410.01 was published in November 2022. Through Change 2, which was published in March 2023, the procedures for calculating Time Credits has not changed and specifically mentions earning in pre-release custody, which has been ignored by the BOP.

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes        ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes        ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes        ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes        ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

### Request for Relief

15. State exactly what you want the court to do:   Compell the Court to honor the FSA Conditional Placement Date brought forth by the BOP, which would result in my transfer to Pre-release Placement immediately.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


Date:   09/08/2024          _____
                                                    *Signature of Petitioner*


                            _____
                                         *Signature of Attorney or other authorized person, if any*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Eric Junod, | ) | |
| Petitioner, | ) | Case: 2:24-cv-12399 |
| vs | ) Case No. | Assigned To : Murphy, Stephen J., III |
| | | Referral Judge: Morris, Patricia T. |
| E. Rardin, Warden | ) | Assign. Date : 9/12/2024 |
| | | Description: HC JUNOD V. WARDEN RARDIN (TH) |
| FEDERAL BUREAU OF PRISONS and | ) | |
| UNITED STATES ATTORNEY GENERAL | ) | |
| Respondent. | ) | |

MEMORANDUM BRIEF IN SUPPORT FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

EXPEDITED REVIEW REQUESTED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Eric Junod, the petitioner, pro se, and respectfully moves files this memorandum brief in support of his petition for Writ of Habeas Corpus pursuant to 28 U.S.C §2241. Petitioner moves the court to expedite the review of his 2241 motion based petitioners current incarceration at Federal Correctional Institution Milan, beyond his conditional placement date. Petitioner respectfully moves this court to effect petitioner's immediate transfer to prerelease custody. Petitioner is currently in custody in violation of Federal law.

### STATEMENT OF JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C § 2241 to entertain a petition for Writ of Habeas Corpus. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1991).

### STATEMENT OF FACTS

The Petitioner provides an updated First Step Act (FSA) Time Credit Assessment Sheet Exhibit "A" as evidence in support of his Writ of Habeas Corpus under 28 U.S.C § 2241. On September 3, 2024, petitioner received the most current

update of the Bureau of Prisons (BOP) Time Credit Assessment Sheet. The updated Assessment Sheet now includes an added section labeled "Planning" Exhibit "A". With this new "Planning" section of the Assessment Sheet a "FSA Conditional Placement Date" of April 20, 2024 is provided  Exhibit "A" page #2. This "FSA Conditional Placement Date" is now approximately 140 days passed. This date does not even include any Second Chance Act (SCA) time consideration. However, had the 365 days of SCA time been applied as earned and recommended, Petitioner would have been transferred to prerelease custody on April 20, 2023. Indeed, the "FSA Conditional Release Date" has been disputed throughout the Administrative Remedy process Exhibits "B, C, D, E". The BOP has calculated and awarded a total of 1135 FSA Conditional Placement Days Exhibit "A" page #2. As of the date of this filing, the Petitioner has 1010 days left on his sentence. The FTC amount of time calculated and awarded is far greater than the amount of time remaining as confirmed by the BOP's April 20, 2024 Conditional Release Date. If the BOP had no intention of honoring these Conditional Release Dates now being shown in the Planning section of the "FSA Time Credit Assessment Sheet" they would have not updated the "FSA Time Credit Assessment Sheet" to reflect these newly calculated Conditional Release Dates.

The Federal Courts have affirmed this through the recent decision, see Woodley v. Warden, USP Leavenworth, 24-3053-JWL, (10th Cir. 2024). Where the Petitioner was granted transfer to Prerelease Custody within 30 days of the review.

## CONCLUSION

Petitioner, Eric Junod, is being held in custody at FCI-Milan in violation of Federal Law. The Respondent has violated the governing statute of 18 U.S.C. § 3632(d)(4) First Step Act of 2018 with regards to implementation of earned FTC's. For the reasons stated throughout, the Petitioner respectfully requests the Court to grant his Writ of Habeas Corpus in an expedited manner, requiring the Bureau of Prisons to transfer the Petitioner to prerelease custody immediately.

Respectfully submitted on this
 9th day of September 2024.

PRO SE REPRESENTATION

## ADMINISTRATIVE REMEDIES

On August 3, 2023, the Petitioner filed an Informal Resolution (BP-8) Administrative Remedy. This BP-8 Administrative Remedy was denied. See Exhibit "B" a copy of the submittal and denial.

On August 14, 2023, the Petitioner filed a BP-9 Administrative Remedy. This BP-9 Administrative Remedy was denied. See Exhibit "C" a copy of the submittal and denial.

On November 19, 2023, the Petitioner filed a BP-10 Administrative Remedy. This BP-10 Administrative Remedy was denied. See Exhibit "D" a copy of the submittal and denial.

On January 3, 2024, the Petitioner filed a BP-11 Administrative Remedy. This BP-11 was denied. See Exhibit "E" a copy of the submittal and denail.

EXHIBIT "A"

FSA TIME CREDIT ASSESSMENT

## FSA Time Credit Assessment
**Register Number:51349-039, Last Name:JUNOD**

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 51349-039 | Responsible Facility: MIL |
| Inmate Name | Assessment Date.....: 09-03-2024 |
|   Last...........: JUNOD | Period Start/Stop...: 12-21-2018 to 09-03-2024 |
|   First..........: ERIC | Accrued Pgm Days....: 2083 |
|   Middle.........: | Disallowed Pgm Days.: 0 |
|   Suffix.........: | FTC Towards RRC/HC..: 640 |
| Gender...........: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 05-15-2017 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|-----------|----------|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

  Accrued Pgm Days...: 208
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

---

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|-----------|----------|
| 07-17-2019 | 09-03-2024 | accrue | 1875 |

  Accrued Pgm Days...: 1875
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 945

--- **FSA Assessment** ---

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | | Factor |
|---|-------|------|--------|-----------------|----------------|---|--------|
| 001 | 12-21-2018 | 01-18-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1136 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | ACTUAL | FSA R-LW | 04-28-2021 | 1136 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1136 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | ACTUAL | FSA R-LW | 04-28-2021 | 1136 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1136 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | ACTUAL | FSA R-LW | 04-28-2021 | 1136 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | ACTUAL | FSA R-LW | 04-28-2021 | 1136 | 15 |
| 008 | 01-02-2022 | 07-01-2022 | ACTUAL | FSA R-LW | 11-04-2021 | 0809 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | ACTUAL | FSA R-LW | 04-21-2022 | 0900 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | ACTUAL | FSA R-LW | 10-06-2022 | 0710 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | ACTUAL | FSA R-LW | 03-30-2023 | 0906 | 15 |
| 012 | 12-23-2023 | 06-20-2024 | ACTUAL | FSA R-LW | 09-21-2023 | 0739 | 15 |
| 013 | 06-20-2024 | 12-17-2024 | ACTUAL | FSA R-LW | 03-14-2024 | 0615 | 15 |

--- **Planning** ---

Projected Release Date: 05-29-2028
Projected Release Method: GCT REL
FSA Projected Release Date: 05-30-2027

**FSA Time Credit Assessment**

Register Number:51349-039, Last Name:JUNOD

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 05-30-2027
FSA Conditional Placement Days: 1135
FSA Conditional Placement Date: 04-20-2024
SCA Proposed Placement Days: N/A
SCA Proposed Placement Date: N/A

EXHIBIT "B"

INFORMAL RESOLUTION (BP-8)

MIL-1330.16.b
September 18, 2012
Page 7

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: _JUNOD, ERIC_____

Registration Number: _51349-039___ Housing Unit: _A_____

## ATTEMPT AT INFORMAL RESOLUTION:

1.      Briefly state the complaint and requested corrective actions.

I AM REQUESTING A MANUAL CALCULATION OF THE CONDITIONAL PROJECTED RELEASE DATE AS PER POLICY 5410.01 AND A RESUBMITTION TO PRE RELEASE CUSTODY

2.      Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

I HAVE HAD MULTIPLE MEETINGS WITH MY CASE MANAGER AND THERE IS NO PROTECTION ON WHEN THE AUTOMATED CALCULATION WILL BE ONLINE.

Provided the following response by CSW Dea - Mr Junod was submitted for Home Confinement w/ a placement date of 7-11-23 due to a pro-jacka Calculation of his FSA Time credits. The request was denied by the Detroit RRM office based on a memo Dated 6-13-23 from

Inmate Signature: _____     Date: _8-3-23_

Inmate Printed Name: _ERIC JUNOD_

Unit Counselor Signature: _____     Date: _8/3/23_

Unit Counselor Printed Name: _____K. Tomich_____

the Residential Reentry Managment Branch stating FSA time Credits may not be applied to pre release Custody until the amount of earned time credits is equal to the remainder of the individuals imposed term of imprisonment. Currently he has earned 365 federal Time Credits towards his release date & 445 days towards RRC/HC. 365 days RRC placement + 445 FSA Time credits equals 810 days for a placement date of 3-12-25

EXHIBIT "C"

ADMINISTRATIVE REMEDY (BP-9)

9

```
ERIC JUNOD, 51349-039
MILAN FCI     UNT: 7 GP    QTR: A04-110U
P.O. BOX 9999
MILAN,  MI 48160
```

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Junod, Eric | 51349-039 | A | FCI - Milan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am an inmate eligible to earn and apply First Step Act Credits (FTC's), and am requesting a manual calculation of my Conditional Projected Release Date (PRD), that is consistant with Program Statement 5410.01 section 10(b). The Program Statement states: "The Bureau will initially estimate an FSA Conditional Projected Release Date by calculating the maximum number of potential FTC that an inmate may earn during his or her sentence." It further states: "The Bureau will calculate an inmate's PRD by assuming that an inmate will remain in earning status throughout his or her sentence,including while in Pre-Release custody."
Using the calculation method stated in the Program Statement and that which is used on the FSA Time Credit Assessment sheet:
Statutory Release Date: 05-29-2028

| Start: | Stop: | PGM Days: | Carryover PGM Days: | Time Credits: |
|---|---|---|---|---|
| 12-21-2018 | 07-17-2019 | 208 | 0 | 60 |
| 07-17-2019 | 05-29-2028 | 3238 | 28 | 1620 |
| | | | Total Earned | 1680 |

cont'd on pg#2 (attachment)

| 8-14-23 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

RECEIVED
OCT 0 4 2023
BY

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 1177540-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN     PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

U.S. DEPARTMENT OF JUSTICE                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Junod, Eric | 51349-039 | A | FCl - Milan |
|-------|------------|-----------|---|-------------|
| | **LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION** |

**Part A- INMATE REQUEST**

I am an inmate eligible to earn and apply First Step Act Credits (FTC's), and am requesting a manual calculation of my Conditional Projected Release Date (PRD), that is consistent with Program Statement 5410.01 section 10(b). The Program Statement states: "The Bureau will initially estimate an FSA Conditional Projected Release Date by calculating the maximum number of potential FTC that an inmate may earn during his or her sentence." It further states: "The Bureau will calculate an inmate's PRD by assuming that an inmate will remain in earning status throughout his or her sentence, including while in Pre-Release custody."

Using the calculation method stated in the Program Statement and that which is used on the FSA Time Credit Assessment sheet:

Statutory Release Date: 05-29-2028

| Start: | Stop: | Carryover PGM Days: | Carryover PGM Days: | Time Credits: |
|--------|-------|---------------------|---------------------|---------------|
| 12-21-2018 | 07-17-2019 | 208 | 0 | 60 |
| 07-17-2019 | 05-29-2028 | 3238 | 28 | 1620 |
| | | | total Earned | 1680 |

cont'd on pg#2 (attachment)

| | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: 1179540-F1

                                                  CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

USP LVN

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Junod, Eric | 51349-039 | A | FCI - Milan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am an inmate eligible to earn and apply First Step Act Credits (FSC's), and am requesting a manual calculation of my Conditional Projected Release Date (PRD), that is consistant with Program Statement 5410.01 Section 10(e). The Program Statement states: "The Bureau will initially estimate an FSA Conditional Projected Release Date by calculating the maximum number of potential FTC that an inmate may earn during his or her sentence." It further states: "The Bureau will calculate an inmate's PRD by assuming that an inmate will remain in earning status throughout his or her sentence, including while in Pre-Release custody."

Using the calculation method stated in the Program Statement and that which is used on the FSA Time Credit Assessment sheet:

Statutory Release Date: 09-29-2028

| Start: | Stop: | Carryover FSA Days: | Carryover PRA Days: | Time Credits: |
|---|---|---|---|---|
| 12-21-2018 | 07-17-2019 | 208 | 0 | 95 |
| 07-17-2019 | 11-29-2028 | 3350 | 20 | 1525 |
| | | | Total Earned Total | |

Cont'n on pg#2 (attachment)

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B– RESPONSE**

| DATE | WARDEN OR REGIONAL DIRECTOR |
|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE          CASE NUMBER: 117540-F1

          CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|

USP LVN          PRINTED ON RECYCLED PAPER          BP-229(13)
          APRIL 1982

Continuation page (#2): Request - Administrative Remedy; Junod, ic 51349-039

```
05-29-2028 - 365 FTC's = 05-30-2027     FSA Release to Supervision
05-30-2027 - 1315 FTC's = 10-23-2023    Projected Release Date
10-23-2023 - 365 potential days Second Chance Act = 10-23-2022
```

As an eligible inmate with a LOW PATTERN risk level, consistant with the Program Statement, my PRD falls within the necessary 12 month window for submission of RRC/HC referral to allow for the recommended number of days required under the Second Chance Act of 2007. The Residential Reentry Management (RRM) office's statement that FSA Time Credits may not be applied to Pre-Release Custody until the amount of Earned Time Credits is equal to the remainder of the individuals imposed term of imprisonment goes against the Program Statement. If FTC's cannot be applied until earned, then where would credits earned while in Pre-release Custody be applied? The Program Statement does state: "FTC will not be applied towards an inmates release date unless earned." However, inmates on Pre-release Custody are still considered in Federal Custody while serving a sentence imposed by a U.S. District Court. I have already earned enough credits towards my release date, this is not in dispute. Transfer to Pre-release Custody does not change my release from Federal Custody. It is also being stated that my current calculation puts me at 810 days of earned time and eligible for placement on 03-12-2025. Although I agree with this for the current month, next month, after earning an additional 15 days, would put me eligible on 02-25-2025. The next month would be 02-10-2025, thus creating a sliding date that would make it extremely difficult for Case Managers to hit with any predictability. The PRD is intended to eliminate this inconsistancy. Congress in writing the First Step Act, and consequently the writers of Program Statement 5410.01, could have used narrower language to limit the application of FTC's. Both chose not to do so. The Program Statement implies that FTC's are considered earned once an inmate is able to apply credits and a PRD is produced and the PRD "will be adjusted if the inmates PATTERN score changes or if the inmate enters non-earning status."

I am asking for a transfer to Pre-release Custody that is consistant with the methodology described in Section 10 of the Program Statement.

**BP-229 RESPONSE**          **CASE NUMBER: 1177546-F1**

Your request for Administrative Remedy (BP-229), dated August 14, 2023, and received in this office on October 4, 2023, has been reviewed. Specifically, you are requesting manual calculation of Federal Time Credit (FTC) in accordance with Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of U.S.C. 3632(d)(4) and that you be transferred to pre-release custody.

A review of the issue(s) raised in your BP-229 has been conducted. Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of U.S.C. 3632(d)(4), indicates that "the calculation of FTC's is fully automated and based on the number of 30-day periods in earning status". Further, Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of U.S.C. 3632(d)(4), indicates that "FTC will not be applied towards an inmate's release date unless earned". You have not earned enough FTC to be transferred to pre-release custody at this time.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

E. Rardin, Warden          11/6/2023

                                                        Date

EXHIBIT "D"

ADMINISTRATIVE REMEDY (BP-10)

```
ERIC JUNOD, 51349-039
MILAN FCI    UNT: 7 GP    QTR: A04-110U
P.O. BOX 9999
MILAN,  MI 48160
```



U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Junod, Eric | 51349-039 | A | FCI-Milan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

I am an inmate eligible to earn and apply First Step Act Credits (FTC's), and am requesting a manual calculation of my Conditional Projected Release Date (PRD), that is consistant with Program Statement 5410.01 section 10(b). The Program Statement states: "The Bureau will initially estimate an FSA Conditional Projected Release Date by calculating the maximum number of potential FTC's that an inmate may earn during his or her sentence." It further states: "The Bureau will calculate an inmates PRD by assuming that an inmate will remain in earning status throughout his or her sentence, including while in Pre-Release custody." My BP9 described in detail, how many credits (FTC's) would be earned, including projected time. The Warden responded to the BP9 stating "FTC will not be applied towards an inmates release date unless earned. You have not earned enough time to be transferred to PreRelease Custody." The Warden misunderstands the argument presented, and the reading of the program statement. The term "Release Date", refers to, release from Federal Custody. An inmate in PreRelease Custody is still considered to be in Federal Custody. If the statement "FTC will not be applied towards an inmates release date unless earned." includes transfer to Pre-Release custody, there would be no need to continue to earn credits while in Pre-Release custody.

cont'd on attachment (pg #2)

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B - RESPONSE**

| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

USP LVN

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____Juncy, Eric_____   _____51___-039_____   _____A_____   _____FCI-Milan_____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.               UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

I am an inmate eligible to earn and apply First Step Act Credits (FTC's), and am requesting a partial calculation of my Conditional Projected Release Date (PRD), that is consistent with Program Statement 5410.01 section 10(b). The Program Statement states: "The Bureau will initially estimate an **inmates PRD by assuming that an inmate** by calculating the maximum number of potential FTC's that an inmate may earn during his or her sentence." It further states: "The Bureau will calculate an inmates PRD by assuming that an inmate will remain in earning status throughout his or her sentence, **including while in Pre-Release custody.**" My PRD described in detail, how many credits (FTC's) would be earned, including projected time. The Warden responded to the BP9 stating "FTC will not be applied towards an inmates release date unless earned. You have not earned enough time to be transferred to Pre-Release Custody." The Warden **mis**understands the argument presented, and the reading of the program statement. The term "Release Date", refers to, release from Federal Custody. An inmate in Pre-Release Custody is still considered to be in Federal Custody. If the statement "FTC will not be applied towards an inmates release date unless earned." includes transfer to Pre-Release custody, there would be no need to continue to earn credits while in Pre-Release custody.

continued on attachment (pg #2)

_____          _____
        DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NOV 2 4 2023

_____          _____
        DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY          CASE NUMBER: 1177546-R1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____          _____
        DATE                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                              BP-230(13)
                                                                     JUNE 2002

Case 2:24-cv-12399-MFL-PTM   ECF No. 1, PageID.30   Filed 09/12/24   Page 30 of 38

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Junod, Eric | 51349-039 | A | FCI-Milan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

I am an inmate eligible to earn and apply First Step Act Credits (FTC's), and am requesting a manual calculation of my Conditional Projected Release Date (PRD), that is consistant with Program Statement 5410.01 section 10(b). The Program Statement states: "The Bureau will initially estimate an inmates PRD by assuming that an inmate by calculating the maximum number of potential FTC's that an inmate may earn during his or her sentence." It further states: "The Bureau will calculate an inmates PRD by assuming that an inmate will remain in earning status throughout his or her sentence, including while in Pre-Release custody." My BP9 described in detail, how many credits (FTC's) would be earned, including projected time. The Warden responded to the BP9 stating 'FTC will not be applied towards an inmates release date unless earned, You have not earned enough time to be transferred to PreRelease Custody.' The Warden misunderstands the argument presented, and the reading of the program statement. The term 'Release Date', refers to, release from Federal Custody. An inmate in PreRelease Custody is still considered to be in Federal Custody. If the statement 'FTC will not be applied towards an inmates release date unless earned." includes transfer to Pre-Release custody, there would be no need to continue to earn credits while in Pre-Release custody.

cont'd on attachment (pg. #2)

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B - RESPONSE**

NOV 24 2023

| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE      CASE NUMBER: 1177___-R

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

USP LVN      BP-230(13)
JUNE 2002

continued BP-10; Junod, Eric 51349-039 (pg #2)

Since section 10(b) clearly states, "The Bureau will calculate an inmates PRD by assuming that an inmate will remain in earning status throughout his or her sentence, including while in Pre-Release Custody," The assumption that "Release Date" includes transfer to Pre-Release Custody, appears to be incorrect. If the assumption is true, then an inmate would be earning FTC's that cannot be applied anywhere, effectively having inmates earning more FTC's than can be used, letting an inmate have a "bank" of extra FTC's.

I am asking for this decision to be reviewed for clarification and a transfer to Pre-Release Custody.

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1177546-R2

This is in response to your Regional Administrative Remedy Appeal received November 24, 2023, in which you request to have Federal Time Credits (FTCs) pursuant to the First Step Act applied and be transferred to pre-release custody.

We have reviewed your appeal and the Warden's response dated November 6, 2023. The First Step Act allows eligible inmates to earn additional time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. Your FTCs have been calculated, and 365 days of Federal Time Credit (FTC) has been appropriately applied to your sentence computation. Additionally, you currently have 490 days of FTC which may be applied for pre-release consideration. As stated in Program Statement 5410.01 First Step Act of 2018-Time Credits: Procedures for Implementation of U.S.C. 3632(d)(4), indicates that FTC will not be applied towards an inmate's release date unless earned. Therefore, a transfer to pre-release custody is not appropriate at this time. Your new projected release date is May 30, 2027, via First Step Act release.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_12-4-2023_
Date

_____
Andre Matevousian, Regional Director

G. ven a copy on 12/27/23
& Devl Dew CSW

EXHIBIT "E"

ADMINISTRATIVE REMEDY (BP-11)

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: | Junod, Eric | 51349-039 | A | FCI-Milan
---|---|---|---|---
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL**

I am writing this appeal in response to the Regional Director's reply to my request to be transferred to Pre-Release Custody for First Step Act Federal Time Credits (FTC). This response was dated December 4th,but was not returned to me until December 27th,as notated by Case Manager Dew,on the response page. The Regional Director and Warden are misinterpreting a Program Statement 5410.01. Section 10(b) states; "The Bureau will initially estimate an FSA Conditional Projected Release Date by calculating the maximum number of potential FTC's that an inmate may earn during his or her sentence." It further states; "The Bureau will calculate an inmates PRD by assuming that an inmate will remain in earning status throughout his or her sentence,including while in Pre-Release Custody." My BP-9 described in detail, how many credits (FTC's) would be earned,including projected time. Both the Regional Director and Warden do not understand what the program statement means by "Release Date", their assumption is its meaning refers to custody within an institution. However,First Step Act broadens this meaning to include any pre-release placement in either Home Confinement or Residential Reentry Center. Being at an institution or Residential Reentry Center or Home Confinement is considered to be in federal custody. The release date is when a person is no longer in federal custody. The program statement states that an inmate will earn credits
cont'd on attachment (pg#2)

_____ _____
DATE                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                              _____
DATE                                         GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: 1177

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                              _____
DATE                                         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                              BP-231(13)
                                                                     APRIL 1982

continued from BP-11: Junod, Eric 51349-039

while in Pre-Release Custody and that those credits will be projected so that
they will be applied in Section 10(b).
My BP-9 has a breakdown of that projected date for reference. Based on my
calculations, I should be eligible for placement into Pre-Release Custody
at this time, and am asking for that placement.

**Administrative Remedy No. 1177546-A1**
**Part B – Response**


This is in response to your Central Office Administrative Remedy Appeal, wherein you contend you should be eligible for placement into pre-release custody (Residential Reentry Center or Home Confinement) and you request such placement for relief.  You contest the Bureau's interpretation of policy and calculation of Federal Time Credits (FTC) pursuant to the First Step Act (FSA) of 2018.

We have reviewed documentation relevant to your appeal and, based on the information gathered, concur with the manner in which the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal.  Our review reveals your time credits are being applied pursuant to Program Statement 5410.01, <u>First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)</u>.  As previously indicated, this policy indicates FTCs cannot be applied toward an inmate's release date unless earned.  According to your FSA Time Credit Assessment dated December 30, 2023, you have earned 365 days of FTC toward early release and 520 days that may be applied towards community placement.  At present, you are not eligible for a transfer to pre-release custody.  You are encouraged to communicate with your Unit Team for further information regarding your consideration for community placement as you become closer to the date of your eligibility for such placement.  Based on this information, we find no further review is warranted regarding this matter.

Based on the foregoing, this response is for informational purposes only.


<u>January 19, 2024</u>
Date

Timothy Barnett, Administrator
National Inmate Appeals

## CERTIFICATE OF SERVICE

I, Eric Junod, swear under penalty of perjury that I have mailed a copy of the

forgoing motion to the following parties:

Office of the Clerk, United States District Court

Eastern District of Michigan

231 West Lafayette Boulevard, Fifth Floor

Detroit, MI 48226 this <u>9th</u> day of September 2024

(28 U.S.C § 1746)

Eric Junod

Pro Se Petitioner


<u>Address</u>

Eric Junod

Reg. No. 51349-039

Federal Correctional Institution

P.O. Box 1000

Milan, MI 48160-1000

Eric Junod · 51349 · 039
FCI - Milan
P.O. Box 1000
Milan, MI 48160

Office of the Clerk
United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Fifth Floor
Detroit, MI
48226
U.S. MARSHALS

CERTIFIED MAIL

9589 0710 5270 0756 3386 50

Retail

RDC 99

48226

U.S. POSTAGE PAID
FCM LG ENV
MILAN, MI 48160
SEP 09, 2024
$0.00
R2305K136183-46

