UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

Eric Junod (#51349-039),

       Petitioner,                              Case No. 24-12399

       v.

                                                Honorable Stephen J. Murphy, III

Eric Rardin (Warden),

       Respondent.

_____/

## **RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

      Sex offender Eric Junod disagrees with the BOP's calculation of his First Step Act time credits, as he serves the remaining portion his 15-year child exploitation sentence. But Junod's credits have been allocated correctly, and he is not entitled to immediate transfer to pre-release custody under the First Step Act. His petition should be denied.

### BACKGROUND

**A.**    **Junod Is Sentenced to 15 Years for Online Coercion and Enticement of a Minor.**

      Junod coerced a 15-year-girl into producing sexually explicit images and videos of herself and her genitals, and sending them to him through social media. *See United States v. Junod*, No. 15-CR-20621, 2020 WL 1847978, at *1 (E.D. Mich. Apr. 13, 2020). He is currently serving a 15-year sentence at FCI Milan for online

coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). Junod's sentence will be followed by ten years of supervised release. The Sixth Circuit dismissed his appeal, and a few years later, Judge Leitman denied his § 2255 motion alleging ineffective assistance of counsel. *See United States v. Junod*, No. 17-1695, 2018 WL 11394665, at *2 (6th Cir. Feb. 28, 2018) (dismissing appeal); *United States v. Junod*, No. 15-CR-20621, 2020 WL 1847978, at *1 (E.D. Mich. Apr. 13, 2020) (denying § 2255).

**B.     Congress Passes the First Step Act.**

After Junod began serving his sentence, the First Step Act created a new type of time credits for prisoners, separate and apart from good-time credits. Under this program, eligible prisoners who successfully complete "evidence-based recidivism reduction programs" and other "productive activities" can earn FSA Federal Time Credits, commonly known as FTCs. *See* 18 U.S.C. § 3632(d)(4)(A). FTCs, when applied near the conclusion of a sentence, can be used to accelerate the date on which the prisoner is transferred from prison to prerelease custody (such as a residential reentry center or home confinement) or supervised release. *See id.* 18 U.S.C. § 3632(d)(4)(C).

The number of FTCs a prisoner earns hinges directly on his recidivism risk level, which is periodically reassessed. *See* 18 U.S.C. §§ 3632(d)(4)(A)(i), (d)(5); *see also* 28 C.F.R. § 523.42(c). And prisoners may lose earned FTCs for violating

the requirements or rules of programs, or as a sanction for a prohibited act. *See* 28 C.F.R. § 523.43(a).

Only "earned" FTCs "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). For earned FTCs to be applied, an eligible prisoner must have (1) earned FTCs in an amount equal to his remaining term of imprisonment, (2) shown through periodic risk assessments a demonstrated reduction in recidivism risk or maintained a low or minimum risk during his incarceration, and (3) had the remainder of his term computed under applicable law. *See* 18 U.S.C. § 3624(g)(1); 28 C.F.R. §§ 523.44(b)–(d).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release—functionally shortening his sentence by up to one year. *See* 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to prerelease custody, either in a residential reentry center or home confinement—but not until the amount of earned time credits equals the remainder of the prisoner's imposed term of imprisonment. *See* 18 U.S.C. § 3624(g)(1); 28 C.F.R. § 523.44(b)(1) (BOP "may apply FSA Time Credits toward prerelease custody only if an eligible inmate has … [e]arned FSA Time Credits in an amount that is equal to the remainder of the inmate's imposed term of imprisonment").

3

**C.     The BOP Denies Junod's Request for Transfer to Pre-Release Custody Because He Has Not Earned FTCs in an Amount Equal to His Remaining Term of Imprisonment, as Required Under § 3624(g)(1).**

Sometime in 2023, Junod requested a transfer to pre-release custody based on his FTCs. Junod's request was denied because he had not yet earned FTCs in an amount equal to his remaining term of imprisonment. (ECF No. 1, PgID 18). Junod appealed. He was informed that 365 days of FTCs had been appropriately applied to his sentence computation, such that his new projected release date was May 30, 2027. (*Id.*, PgID 32). But his remaining days of FTCs could not be applied towards pre-release custody, because Junod still hadn't earned FTCs in an amount equal to his remaining term of imprisonment. (*Id.*, PgID 32, 36).

On September 12, 2024, Junod filed a petition for a writ a habeas corpus under 28 U.S.C. § 2241, asking this Court to order the BOP to transfer him to pre-release placement immediately. The United States was ordered to respond by November 1, 2024.

## ARGUMENT

**Junod Is Not Entitled to Habeas Relief.**

This habeas petition begins and ends with § 3624(g)(1)'s requirement that FSA time credits may not be applied to pre-release custody until the amount of earned time credits equals the remainder of the prisoner's imposed term of imprisonment. Even today, Junod's earned FTCs still don't equal the remainder of

4

his term of imprisonment. Under his best case scenario, the earliest date that Junod's earned FTCs could equal the remainder of his term of imprisonment is May 15, 2025.

The BOP uses a FSA Time Credit Assessment (commonly referred to as the FTC Worksheet) to estimate projected target dates for each prisoner. Junod's most recent FTC Worksheet, dated October 12, 2024, is instructive in understanding Junod's time credits. It is attached as Exhibit 2 to the Declaration of Jeremy Cooper, which is Exhibit A. Due to application of good time credits, Junod has a Projected Release Date of May 29, 2028. *See* Cooper Decl. at ¶ 6 & FTC Worksheet at page 2. Junod has earned 365 days of FTCs towards early release. *See* Cooper Decl. at ¶ 6 & FTC Worksheet at page 1. Junod's FSA Projected Release Date is calculated by subtracting 365 days from May 29, 2028. That date is May 30, 2027. *See* Cooper Decl. at ¶ 6 & FTC Worksheet at page 2. Next, the FSA Conditional Placement Date reflects the maximum amount of FTCs an eligible individual can earn towards pre-release confinement using his current risk level. *See* Cooper Decl. at ¶ 6. Between the start of his sentence and May 30, 2027, the maximum amount of FTCs that Junod can potentially earn towards pre-release confinement using his current risk level is 1,110 days. *See* Cooper Decl. at ¶ 6 & FTC Worksheet at page 2. But 365 of those days were already applied towards early release, leaving 745 remaining days available for application. *See* Cooper Decl. at ¶ 6. Junod's FSA Conditional

Placement Date is calculated by subtracting 745 days from May 30, 2027. *See id*. That date, May 15, 2025, is the earliest date that Junod's earned FTCs could equal the remainder of his term of imprisonment, using his best case scenario.

And because FTCs may be lost due to discipline, due to earning rates being interrupted or reduced, or due to a prisoner's failure to meet the requirements for FTCs to be applied, the BOP is not authorized to apply future potential unearned FTCs to a prisoner's sentence computation. Junod has not met the requirements for applying his earned FTCs under § 3624(g)(1), nor has he established that he is entitled to immediate pre-release custody under the First Step Act.

Junod points to an earlier FTC Worksheet, dated September 3, 2024, that lists a FSA Conditional Placement Date of April 20, 2024. (ECF No. 1, PgID 16). But that FTC Worksheet is incorrect, and was issued in error. Jeremy Cooper, the Correctional Programs Administrator for the Northern Central Regional Office, explains what happened. *See* Cooper Decl. at ¶¶ 2, 4. In early September 2024, a new "Planning" section was added to the FTC Worksheets. *See id*. at ¶ 2. Within a few days, BOP learned that the new "Planning" section was causing issues and confusion. *See id*. The Conditional Planning Dates were incorrect, and corrected FTC Worksheets were not immediately available. *See id*. On September 6, 2024, Cooper gave a directive to refrain from using them for any type of pre-release planning until formal guidance was provided. *See id*.

6

Formal guidance was provided on October 4, 2024, when BOP issued a memorandum titled First Step Act (FSA) Planning Dates. *See id*. at ¶ 3. That memorandum (the October 4, 2024 Memo) is attached as Exhibit 1 to the Cooper Declaration. Among other things, the October 4, 2024 Memo explains that the projected release and conditional placement dates "are not guaranteed and are subject to change based on behavior, program participation, eligibility, appropriateness, and community resources." *See* October 4, 2024 Memo at page 2. It further notes that the dates "are projections used for planning purposes and are not considered final until the FTCs are applied and/or community placement is approved," and that they "may change based on [prisoner] behavior, programming participation, or changes in eligibility, and it is crucial for Unit Teams to clearly communicate this to both [prisoners] and staff." *See id*. To reinforce the point, the October 4, 2024 Memo reiterates that "it is critical that [prisoners] and staff understand this is a **PLANNING TOOL** which will be used to help prepare individuals for placement in the community, these dates are not guaranteed and are subject to change based on behavior, program participation, eligibility, appropriateness, and community resources." *See id*. (emphasis in original).

On October 12, 2024, the BOP completed Junod's corrected FTC Worksheet, which is consistent with the guidance provided in the October 4, 2024 Memo. *See* Cooper Decl. at ¶ 5. Junod's corrected FTC Worksheet lists an accurate FSA

7

Conditional Placement Date of May 15, 2025. *See id*. What's more, Junod's corrected FTC Worksheet, like the guidance in the October 4, 2024 Memo, confirms at the top, in bold letters, that "[a]ll conditional days and conditional dates below are the individual's best case scenario," and these "dates can change," for example, if the individual's FSA risk or opt-in/opt-out status change too. *See* FTC Worksheet at page 2. It bears repeating that, by statute, only "earned" FTCs "shall be applied." 18 U.S.C. § 3632(d)(4)(C).

Junod also claims that the BOP is violating its own program statement. But even if Junod is correct, "a habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *Young v. Eischen*, No. 23-cv-3227, 2024 WL 418702, at *2 (D. Minn. Jan. 3, 2024), report and recommendation adopted, 2024 WL 416445 (D. Minn. Feb. 5, 2024) ("deviations from [a] BOP program statement do not provide a basis for habeas corpus relief"); *Solberg v. Eischen*, No. 23-CV-3568 (ECT/DTS), 2024 WL 3251713, at *4 (D. Minn. May 7, 2024), report and recommendation adopted, No. 23-CV-3568 (ECT/DTS), 2024 WL 3086630 (D. Minn. June 21, 2024) (same). In short, "BOP program statements are clearly not "laws ... of the United States" such that their violation warrants relief under § 2241."

8

*Jean v. Johns*, No. 1:21-CV-341, 2021 WL 4260626, at *3 (W.D. Mich. Sept. 20, 2021).

Finally, to the extent Junod "is requesting that the court order RRC placement," that request should be "denied because that decision is within the exclusive purview of the BOP." *United States v. Morris*, No. 15-20283, 2020 WL 7056045, at *1 (E.D. Mich. Dec. 2, 2020); *citing* 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment under this subsection is not reviewable by any court.").

## CONCLUSION

Junod's petition should be denied.

Respectfully submitted,

Dawn N. Ison
United States Attorney

*/s/ Erin S. Shaw*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9182
erin.shaw@usdoj.gov

Dated: October 31, 2024

## CERTIFICATE OF SERVICE

I certify that on October 31, 2024, I electronically filed this pleading with the Clerk of the Court using the ECF system, and that I caused this pleading to be mailed by United States Postal Service to:

> Eric Junod (#51349-039)
> FCI Milan
> P.O. Box 1000
> Milan, MI  48160

>                     */s/ Erin S. Shaw*
>                     Assistant United States Attorney