UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JUNOD,

      Petitioner,                                 Case No. 24-cv-12399
                                                    Hon. Matthew F. Leitman

v.

ERIC RARDIN,

      Respondent,

_____/

## ORDER DISMISSING PETITIONER ERIC JUNOD'S PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1) AS MOOT

Petitioner Eric Junod is a former federal prisoner who was previously confined at the Federal Correctional Institution in Milan, Michigan. On September 12, 2024, Junod filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) In the petition, Junod claimed that the Bureau of Prisons (the "BOP") incorrectly calculated his projected pre-release placement date under the First Step Act. He therefore requested release from custody to a halfway house or other "pre-release placement" facility. (*Id.*, PageID.8.) Respondent filed a response to the petition on October 31, 2024. (*See* Resp., ECF No. 8.) In that response, Respondent argued that Junod's claims lacked merit. (*See id.*)

1

While Junod's petition remained pending in this Court, he was released from custody. On May 13, 2025, Junod filed a "Notice of Change of Address" with the Court that changed his address from FCI Milan, where he was incarcerated, to a residential home in Clarkston, Michigan. (*See* Notice, ECF No. 12.) In addition, the BOP's Inmate Locator indicates that Junod is now being supervised by the Detroit Residential Reentry Management Office (the "RRM") and is no longer incarcerated at FCI-Milan.[1] Based on Junod's release from custody, Respondent filed a "Suggestion of Mootness" with the Court on May 14, 2025. (*See* Suggestion, ECF No. 13.) In that filing, Respondent asserted that because Junod is no longer incarcerated, "his petition is now moot." (*Id.*, PageID.187.) The Court agrees.

Junod's claim that he was entitled to release from custody to a halfway house is now moot because he has been released from prison to what appears to be home confinement under the supervision of the Detroit RRM. Article III, Section 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986).

---

[1] This Court may take judicial notice of the BOP inmate locator, *See Marshek v. Eichenlaub,* 266 F. App'x 392 (6th Cir. 2008).

2

As the United States Court of Appeals for the Sixth Circuit has recognized, where a habeas petitioner seeks placement at a halfway house, the petitioner's transfer to such a facility moots his petition for a writ of habeas corpus. *See Marshek v. Eichenlaub*, 266 F. App'x 392, 392-93 (6th Cir. 2008) (dismissing appeal from denial of habeas relief and holding that habeas petitioner's request for release to a halfway house "has clearly been rendered moot by [his] placement in a [halfway house]"). *See also Demis v. Sniezek,* 558 F.3d 508, 513 (6th Cir. 2009) (explaining that federal prisoner's challenge to a BOP policy preventing his transfer to a community corrections center, or halfway house, was rendered moot by the prisoner's subsequent release from custody); *Antoine v. Rardin*, No. 24-cv-12462, 2025 WL 968285, at *2 (E.D. Mich. Mar. 31, 2025) (holding that petitioner's request that the BOP apply his First Step Act credits to transfer him to pre-release custody was moot when the BOP transferred him to pre-release custody when it placed him at a residential reentry center).

For all of the reasons explained above, the Court **DISMISSES AS MOOT** Junod's petition for a writ of habeas corpus.  The Court further notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under Section 2241. *See Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004).  Junod therefore need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the dismissal of his habeas petition.  Finally, the

3

Court denies Junod permission to appeal *in forma pauperis* because an appeal of this order could not be taken in good faith. *See* Fed. R. Civ. P. 24(a).

**IT IS SO ORDERED**.

                                         s/Matthew F. Leitman
                                         MATTHEW F. LEITMAN
                                         UNITED STATES DISTRICT JUDGE

Dated: May 28, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2025, by electronic means and/or ordinary mail.

                                         s/Holly A. Ryan
                                         Case Manager
                                         (313) 234-5126